MOHI SOBHANI AND FARNAZ SOBHANI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sobhani v. Commissioner
Docket No. 45048-86
United States Tax Court
T.C. Memo 1990-150; 1990 Tax Ct. Memo LEXIS 174; 59 T.C.M. (CCH) 181; T.C.M. (RIA) 90150; March 20, 1990
William J. Ferrin, for the petitioners. Jeffrey A. Sherman, for the respondent. WRIGHT
*330 MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent *175 determined a deficiency in petitioners' Federal income tax for 1982 in the amount of $ 1,685, and an addition to tax under section 6651(a)(1) [1] in the amount of $ 194.40. The issues for decision are: (1) whether petitioners are entitled to a loss deduction under section 165 for taxable year 1982 due to the theft of gold coins and jewelry; and (2) whether petitioners are liable for an addition to tax under section 6651(a)(1) for taxable year 1982. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and accompanying exhibits are incorporated by this reference. Petitioners resided in Encino, California, when they filed their petition. In 1980, petitioner *331 (all references to petitioner are to Mohi Sobhani), an American citizen since 1966, resided in Teheran, Iran, where he successfully operated his own computer consulting business. In the fall of 1980 petitioner was arrested and imprisoned by the Iranian government *176 for being an alleged spy of the United States. In addition, petitioner's business and nearly all of his assets were seized by the Iranian government. Petitioner was released from prison in February 1981; however, he was denied his United States passport and other identity papers and was refused permission to leave Iran. In December of 1981, petitioners and their children were smuggled out of Iran and subsequently returned to the United States. On April 15, 1983, petitioners filed an Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, extending the time to file their 1982 return until August 15, 1983. Petitioners' Federal income tax return for taxable year 1982 was filed on October 3, 1983. On their 1982 Federal income tax return petitioners claimed a loss deduction of $ 149,900 attributable to the theft of jewelry they left in Teheran under the care of petitioner's aunt. Respondent determined that petitioners were not entitled to the claimed deduction. OPINION Claimed Loss Deduction
Section 165(a) allows a deduction for any losses sustained during the taxable year and not compensated for by insurance or otherwise. However, section *177 165(c)(3) limits the deduction under section 165(a) by individuals for losses not connected with a trade or business to losses which arise from casualty or theft. The confiscation of property by officials acting under color of legal authority, though arbitrary and despotic, is not a theft. . Petitioners, who concede that the loss they claim to have sustained was not connected with a trade or business, bear the burden of proving their entitlement to the claimed deduction. ; Rule 142(a). Petitioner argues that he suffered a loss of $ 149,900 due to the theft by a group of brigands of two boxes full of jewelry and gold coins which he left buried in the backyard of his aunt's house in Teheran. Respondent argues that: (1) petitioner has failed to prove that a loss was sustained, and (2) even if such a loss was sustained, it was the result of expropriation, not theft, and therefore no loss is allowable. We find that petitioners have failed to prove they sustained the claimed loss. At trial, petitioner described in general terms the property which he claims was *178 stolen. However, petitioner was unable to provide any relevant testimony as to the claimed theft because he was in the United States at the time. Petitioner's cousin, who was in Teheran at the time, testified that he saw two holes in the backyard of the aunt's house shortly after the claimed theft occurred. However, the cousin was not present when the theft allegedly occurred and was unable to provide any relevant additional testimony. In addition to their failure to introduce relevant, competent testimony, petitioners failed to introduce any documentary evidence, other than handwritten inventories they prepared during the examination of their return and shortly before trial, showing (1) that they owned any property in Teheran, (2) their basis in any such property, and (3) that the property had been stolen. Because petitioners have failed to prove they sustained the claimed loss, we need not address the issue of whether the claimed theft was actually an expropriation under color of law. Addition to Tax Under Section 6651(a)(1)
Section 6651(a)(1) provides for an addition to tax in case of failure to file a Federal income tax return on the prescribed date, determined *179 with regard to any extension of time for filing, unless it is shown that the failure is due to reasonable cause and not due to willful neglect. Petitioners bear the burden of proving that their failure to timely file their return was (1) due to reasonable cause, and (2) not due to willful neglect. , affd. ; Rule 142(a). Petitioners' return, which was due on August 15, 1983, was filed on October 3, 1983. Petitioners failed to produce any testimony or documentary evidence showing reasonable cause or the absence of willful neglect. We therefore affirm respondent's determination. In light of the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩